Name **DeAngelo D. Holt**

Prison Number **55010-074**

Address or Place of Confinement **Federal Correctional Institution P.O. Box 800 Herlong CA, 96113**

# FILED

### APR 2 5 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

Note: If represented by an attorney, write attorney's name, address & telephone number

## *United States District Court*

### EASTERN DISTRICT OF CALIFORNIA

**DeAngelo DeShong Holt**

Full Name (First, Middle, Last)

Petitioner,

vs.

**David Brewer**

Name of Warden

(or other authorized person having custody of petitioner)

Respondent.

CASE NO. **2:22-CV-0710-DB (HC)**

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1. _____ a conviction
2. _____ a sentence
3. _____ jail or prison conditions
4. _____ prison discipline
5. _____ a parole problem
6. XXXXXX other

**CAUTION:** If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

# PETITION

(1)  Place of detention: F. C. I.  Herlong

(2)  Name and location of court which imposed sentence: James H. Quillen united States Courthouse 220 West Depot Street, Suite 200 Greeneville, TN 37743

(3)  Offense(s) and indictment number(s) (if known) for the sentence imposed: 922 (g)(3), 924 (a) unlawful user of a Controlled Substance in possession of a Firearm

(4)  The date the sentence was imposed and the terms of the sentence: January 29, 2021

(5)  What was your plea (check one):        Not guilty ( )        Guilty (✓)        Nolo contendere ( )

(6)  Kind of trial (check one):        Jury ( )        Judge only (✓)

(7)  Did you appeal from the judgment of conviction or the imposition of sentence:  Yes ( )        No (✓)

(8)  If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court:_____
Grounds raised (list each):
        1) _____
        2) _____

Result/Date of result:_____

SECOND APPEAL:
Name of court:_____
Grounds raised (list each):
        1) _____
        2) _____

Result/Date of result:_____

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)  State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

        **CAUTION:**    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ **GROUND ONE** B.O.P Program Statement 7310.04 is in direct conflict with 18 U.S.C § 3621 (b) by Contradicting what was mandated by Congress.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

**CAUTION:** You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

Petitioner submitted a B.P-8 on 12/10/21 to be Serviced as a Informal with the Request to be Sent to an RRC to Serve out his time and to get Some of the recommended help and treatment that'll lower his recidivism Staff waited for two months Just to categorically exclude Petitioner. Following Program Statement 7310.04, "which was deemed invalid by multiple district courts including the 9th circuit" is not what the law had intended to be allowed.

→ **GROUND TWO** under 28 C.F.R §§ 570.20, 570.21 the B.o.P limited inmates Placement to RRC at any time during our Sentence, in which there's no limit for RRC Placement under 3621(b)

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).
28 C.F.R §§ 570.20, 570.21 necessarily violated the unambiguous express intent of Congress conveyed in 18 U.S.C.S § 3621 (b), which expressly instructed that all placement and transfer determination take into consideration each of the five factors enumerated in § 3621 (b). The B.o.P is Still following §§ 570.20, 570.21 and hindering Placement into RRC. Petitioner is asking to be Sent to RRC

## ADMINISTRATIVE APPEALS

(10) Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (✓)     No ( )   If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL     Level of appeal: B.P-8
Grounds raised (list each):
1) Under the Conditions of Covid and lack of rehabilitation
2) Under 18 U.S.C § 3553 and not meeting the law requirement
Result/Date of result: 2/17/2022 was Denied Consideration for RRC

SECOND ADMINISTRATIVE APPEAL     Level of appeal: none
Grounds raised (list each):
1) Petitioner is not Challenging the Application of BoP
2) But its validity, therefore exhaustion would be futile.
Result/Date of result_____

THIRD ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)  _____
    2)  _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)  _____
    2)  _____
Result/Date of result:_____

(11)   Is the grievance process completed?   Yes (✓)   No ( )

## PREVIOUS PETITIONS

(12)   Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes ( )    No ( )

(13)   If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1)  _____
    2)  _____
Result/Date of result:_____

SECOND PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1)  _____
    2)  _____
Result/Date of result:_____

(14)   If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

_____
_____
_____
_____
_____

(15)   Are you presently represented by counsel?

Yes (  )          No ( ✓ )

If so, provide your attorney's name, address, and telephone number:

_____

(16)   If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes (  )          No ( ✓ )

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

3/30/22
(Date)

Deangelo D. Nott
(Signature of Petitioner)

_____
(Signature of Attorney, if any)

HBR 1330.13A
September 19, 2005
ATTACHMENT A

# INFORMAL RESOLUTION

An inmate with a valid complaint should complete the first three sections below and submit the form to his/her respective Correctional Counselor.

1. DeAngelo Holt     55016-074     Tahoe-D     12/10/2021
   INMATE NAME     REG. NO.     UNIT     DATE

2. Nature of complaint (briefly state your problem): This facility is not able to help me at lowering my recidivism or provide any type of treatment recommended. Due to the effects of Covid this place is under staffed and the law i.e. 18 U.S.C 3621 (b) outline 5 factors that should be followed but isn't. I'm Requesting to be sent to RRC

3. Inmate's efforts to resolve problem (includes contact with staff, Inmate Requests to Staff Member submissions, etc.): Dap Coordinator/Psychology responded to my request by putting me a waiting list, which allows me to be picked over for inmates with closer release dates. This combined with Covid lockdowns are hindering from receiving the help I need. Transfer to RRC will get the treatment I need to lower my recidivism lev

4. Steps taken /advice given to inmate regarding complaint: You will be assessed for RRC placement 17-19 months from your release date.

5. Informal Resolution WAS/WAS NOT accomplished (Circle One).

_____     _____
Correctional Counselor     Unit Manager

2/17/2022     2/17/2022
Date

## FSA Recidivism Risk Assessment (PATTERN 01.02.01)
Register Number:55010-074, Last Name:HOLT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Register Number: 55010-074 | Risk Level Inmate....: R-HI |
| Inmate Name |   General Level......: R-HI (63) |
|  Last.........: HOLT |   Violent Level......: R-HI (36) |
|  First........: DEANGELO | Security Level Inmate: MEDIUM |
|  Middle.......: DESHONG | Security Level Facl..: MEDIUM |
|  Suffix.......: | Responsible Facility.: ATL |
| Gender.........: MALE | Start Incarceration..: 01/29/2021 |

**PATTERN Worksheet Summary**

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 36 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 5 |
| Criminal History Points | 13 | 40 | 20 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 2 |
| Education Score | HighSchoolDegreeOrGED | -4 | -2 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 0 | 0 | 0 |
| Work Programs | 1 | -1 | -1 |
| | Total | 63 | 36 |



**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, D.C. 20534*

April 14, 2008

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:      Joyce K. Conley, Assistant Director
Correctional Programs Division

Kathleen M. Kenney
Assistant Director/General Counsel

SUBJECT:      Pre-Release Residential Re-Entry Center Placements
Following the Second Chance Act of 2007

The Second Chance Act of 2007 (hereinafter referred to as
"the Act"), Pub. L. No. 110-199, was signed into law April 9,
2008.  Among its many provisions, the Act changes the Federal
Bureau of Prisons' (Bureau) statutory authorities for making pre-
release Residential Re-Entry Center (RRC) placement decisions.[1]
This memorandum provides staff guidance for implementing those
changes.  Guidance regarding other Bureau policies affected by
the Act will be issued, as necessary, under separate cover.

If necessary, further assistance should be sought from your
regional Correctional Programs, Community Corrections, and
Regional Counsel or Consolidated Legal Center offices.

---

[1]     For your convenience, copies of 18 U.S.C. §§ 3621 and 3624(c), as
amended by the Act, are included with this memorandum as attachments.
Additionally, for your convenience, these copies illustrate the previous text
as ~~strikeout~~, and the new text as <u>redline</u>.

 Federal Bureau of Prisons

*Washington, DC 20534*

June 24, 2010

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:          D. Scott Dodrill, Assistant Director
               Correctional Programs Division

SUBJECT:       Revised Guidance for Residential Reentry Center
               (RRC) Placements

This memorandum provides guidance to staff when making inmates'
pre-release Residential Reentry Center (RRC) placement decisions.
Assessment and decision-making practices are to focus on RRC
placement as a mechanism to reduce recidivism.  Recidivism
reduction results in cost efficiencies, less victimization, and
safer communities.

Our RRC resources are limited and must be focused on those
inmates most likely to benefit from them in terms of anticipated
recidivism reduction.  In other words, our decisions are to be
based on an assessment of the inmate's risk of recidivism and our
expectation that RRC placement will reduce that risk.  Our
strategy is to focus on inmates who are at higher risk of
recidivating and who have established a record of programming
during incarceration, so that pre-release RRC placements will be
as productive and successful as possible.

As Chief Executive Officers, you play a vital role in
implementing the Bureau of Prisons' (Bureau) reentry strategy,
including RRC utilization.  This guidance will assist you in
making RRC placement decisions.

**GENERAL CONCEPTS** – The following general concepts apply to all
RRC placement assessments and decision-making:

**Eligibility vs. Appropriateness** – When making RRC placement
determinations, it is critical that staff understand the
difference between eligibility and appropriateness.  All inmates
are statutorily eligible for up to 12 months pre-release RRC

–1–

**I.     What are the statutory changes to RRC placement authorities?**

As interpreted by the Office of General Counsel, the Act's
statutory changes affect the Bureau's RRC placement procedures as
follows:

**(A)   Pre-Release RRC Placement Timeframe Increased to 12 Months** –
The pre-release RRC placement timeframe is <u>increased</u> to a
maximum allowable 12 months.   There is <u>no</u> percentage of
"term to be served" limitation.   <u>See</u> 18 U.S.C. § 3624(c)(1)
(amended).[2]

**(B)   Individualized Placement Decisions Required** - The Act
requires that pre-release RRC placement decisions be made on
an individual basis in every inmate's case, according to new
criteria in the Act, as well as the criteria in
18 U.S.C. § 3621(b).   <u>See</u> 18 U.S.C. § 3624(c)(6)(amended).
As a result, the Bureau's categorical timeframe limitations
on pre-release community confinement, found at
28 C.F.R. §§ 570.20 and 570.21, <u>are no longer applicable,
and must no longer be followed</u>.[3]

**(C)   Court Recommendations Lack Binding Effect** - The Act provides
that a sentencing court order, recommendation, or request
directing an inmate's placement in an RRC lacks binding
effect.   <u>See</u> 18 U.S.C. § 3621(b)(amended).   As a result, the
Bureau is not required to follow such a directive.[4]

**II.   What procedures should staff use in making pre-release RRC
decisions?**

With minor adjustments (explained in the next section), staff
should make inmates' pre-release RRC placement decisions on an
individual basis using current Bureau policy, Program Statement
No. 7310.04, <u>Community Corrections Center (CCC) Utilization and
Transfer Procedure</u> (12/16/1998)(hereinafter referred to as

---

[2]     The pre-release home confinement timeframe remains at a maximum
six months, or ten percent of the term of imprisonment of that prisoner,
whichever is shorter.   <u>See</u> 18 U.S.C. § 3624(c)(2) (amended).

[3]     The Act requires the Bureau to issue new federal regulations
regarding pre-release RRC placements.   The federal regulation process
(rulemaking) will take several months to complete.   Bureau staff will be
informed as soon as new regulations take effect.

[4]     Sentencing court recommendations for a particular type
institution, however, remain a factor to be considered when making pre-release
RRC placement decisions.   <u>See</u>, <u>infra</u>, Section III.(C)(4).

Exhibit 53

U.S. Department of Justice

Federal Bureau of Prisons

*Washington, D.C. 20534*

**MAY 24 2013**

MEMORANDUM FOR REGIONAL DIRECTORS
WARDENS
RESIDENTIAL REENTRY MANAGERS

FROM:      Blake R. Davis, Assistant Director
           Correctional Programs Division

SUBJECT:   Guidance for Home Confinement and Residential
           Reentry Center Placements

This memorandum is a compilation of previous guidance memoranda, policy, and practices regarding home confinement and Residential Reentry Center (RRC) placement decisions, as they relate to current policy, practice, and changes which were necessitated by the passage of the Second Chance Act of 2007.  The intent of this memorandum is to reemphasize and clarify established policies and practices to facilitate effective community placements.

## I.   GUIDING PRINCIPLES FOR EFFECTIVE COMMUNITY PLACEMENTS

The Bureau's RRC resources continue to be limited and must be focused on those inmates with the greatest need and the highest risk of recidivism. Program Statement 7310.04, <u>Community Corrections Center Utilization and Transfer Procedures</u>, requires that RRC placements be made based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly.  The Second Chance Act emphasizes the requirement that all inmates are eligible for pre-release RRC placement consideration and are to be assessed on an individual basis.

# CERTIFICATE OF SERVICE

I, DeAngelo D. Holt                Hereby certify that I have served a
true and correct copy of the following:

PeTiTion for writ of Habeas Corpus under 28 U.S.C. §2241

Which is deemed filed at the time it was delivered to prison authorities
for forwarding, see Houston V. Lack 101L. Ed. 2d 245 (1988), upon the
defendant/defendants and or his attorney/attorneys of record, by placing
same in a sealed, postage prepaid envelope addressed to:

   Clerk, United States District Court
   501 "I" Street, Suite 4-200
   Sacramento, California 95814

and deposited same in the United States Mail at: Federal Correctional Institution
                                                  Herlong
                                                  P.O. BOX 800
                                                  Herlong, CA 96113

I declare, under penalty of perjury(Title 28 U.S.C.§1746), that the
foregoing is true and correct.

"You do solemnly affirm that the Information set
forth in this paper which you are about to sign
before me is true under the pains and penalites
of perjury. 20 .

Dated this ____ day of _____

_____          4/1/22
Signature                     Date

DeAngelo DeShawn Holt

S. Vales-S.Rhodes.  CSW
Signature / Printed Name   Title

# 55010-074
               PRO-SE

Authorized by Act of July 7, 1955, as amended
to administer oaths (18 U.S.C. SEC 4004)

DeAngelo D. Holt
Name
55010-074
Prison Number
Federal Correctional Institution
P.O. Box 800
Herlong CA, 96113
Address or Place of Confinement

Note: If represented by an attorney, write attorney's name, address & telephone number

---

## *United States District Court*

### EASTERN DISTRICT OF CALIFORNIA

---

DeAngelo DeShong Holt
Full Name (First, Middle, Last)

Petitioner,

vs.

David Brewer
Name of Warden
(or other authorized person having custody of petitioner)

Respondent.

CASE NO._____
(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

---

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

1._____ a conviction
2._____ a sentence
3._____ jail or prison conditions
4._____ prison discipline
5._____ a parole problem
6.XXXXX other

**CAUTION:** If you are attacking a federal conviction,
sentence or judgment, you must
first file a direct appeal or motion under
28 U.S.C. § 2255 in the federal court which
entered judgment.

---

## PETITION

(1)   Place of detention: F. C. I. Herlong

(2)   Name and location of court which imposed sentence: James H. Quillen united States Courthouse 220 West Depot Street, Suite 200 Greeneville, TN 37743

(3)   Offense(s) and indictment number(s) (if known) for the sentence imposed:
922 (g)(3), 924(a) unlawful user of a Controlled Substance in possession of a Firearm

(4)   The date the sentence was imposed and the terms of the sentence:
January 29, 2021

(5)   What was your plea (check one):        Not guilty ( )        Guilty (✓)        Nolo contendere ( )

(6)   Kind of trial (check one):        Jury ( )        Judge only (✓)

(7)   Did you appeal from the judgment of conviction or the imposition of sentence:   Yes ( )        No (✓)

(8)   If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court:
Grounds raised (list each):
        1)
        2)

Result/Date of result:

SECOND APPEAL:
Name of court:
Grounds raised (list each):
        1)
        2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)   State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

        CAUTION:   If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE B.O.P Program Statement 7310.04 is in direct conflict with 18 U.S.C § 3621 (b) by Contradicting what was mandated by Congress.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

CAUTION:    You must state *facts, not conclusions,* in support of your grounds.  A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

Petitioner Submitted a B.P-8 on 12/10/21 to be Serviced as a Informal with the Request to be Sent to an RRC to Serve out his time and to get Some of the recommended help and treatment that'll lower his Recidivism. Staff waited for two months Just to Categorically exclude Petitioner. Following Program Statement 7310.04, "which was deemed invalid by multiple district Courts including the 9th circuit" is not what the law had intended to be allowed.

→ GROUND TWO under 28 C.F.R §§570.20, 570.21 the B.O.P limited inmates Placement to RRC at any time during our Sentence in which there's no limit for RRC Placement under 3621(b)

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).

28 C.F.R §§ 570.20, 570.21 necessarily violated the unambiguous express intent of Congress conveyed in 18 U.S.C.S § 3621 (b), which expressly instructed that all placement and transfer determination take into consideration each of the five factors enumerated in §3621(b). The B.O.P is Still following §§570.20, 570.21 and hindering Placement into RRC. Petitioner is asking to be Sent to RRC

## ADMINISTRATIVE APPEALS

(10)   Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (✓)    No ( )   If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL         Level of appeal: B.P- 8
Grounds raised (list each):
   1)   Under the Conditions of Covid and lack of rehabilitatio.
   2)   under 18 U.S.C §3553 and not meeting the law requirement
Result/Date of result: 2/17/2022 was Denied Consideration for RRC

SECOND ADMINISTRATIVE APPEAL        Level of appeal: none
Grounds raised (list each):
   1)   Petitioner is not Challenging the Application of BoP
   2)   But its Validity, therefore exhaustion would be futile.
Result/Date of result _____

---

THIRD ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
      1)        _____
      2)        _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL        Level of appeal:_____
Grounds raised (list each):
      1)        _____
      2)        _____
Result/Date of result:_____

(11)    Is the grievance process completed?      Yes (✓)        No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under <u>28 U.S.C. § 2241</u> or <u>28 U.S.C. § 2255</u>, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes ( )        No ( )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
      1)        _____
      2)        _____
Result/Date of result:_____

SECOND PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
      1)        _____
      2)        _____
Result/Date of result:_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

_____
_____
_____
_____
_____
_____
_____

(15)    Are you presently represented by counsel?

        Yes ( )          No (✓)

        If so, provide your attorney's name, address, and telephone number:

        _____

        _____

(16)    If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

        Yes ( )          No (✓)

        Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.


___3/30/22___                      Deangelo D. Hott
(Date)                             (Signature of Petitioner)


_____
(Signature of Attorney, if any)

HBR 1330.13A
September 19, 2005
ATTACHMENT A

## INFORMAL RESOLUTION

An inmate with a valid complaint should complete the first three sections below and submit the form to his/her respective Correctional Counselor.

1. DeAngelo Holt   55016-074   Tahoe-D   12/10/2021
   INMATE NAME       REG. NO.      UNIT         DATE

2. Nature of complaint (briefly state your problem): This facility is not able to help me at lowering my recidivism or provide any type of treatment recommended. Due to the effects of Covid this place is under staffed and the law of 18 U.S.C 3621 (b) outline 5 factors that should be followed but isn't. I'm Requesting to be sent to RRC

3. Inmate's efforts to resolve problem (includes contact with staff, Inmate Requests to Staff Member submissions, etc.): Dap Coordinator /Psychology responded to my request by putting me a waiting list, which allows me to be picked over for inmates with closer release dates. This combined with Covid lockdowns are hindering from receiving the help I need. Transfer to RRC will get the treatment I need to lower my recidivism level

4. Steps taken /advice given to inmate regarding complaint: You will be assessed for RRC placement 17-19 months from your release date.

5. Informal Resolution WAS/WAS NOT accomplished (Circle One).

_____          _____
Correctional Counselor                  Unit Manager

_____          _____
Date   2/17/2022                        2/17/2022

## FSA Recidivism Risk Assessment (PATTERN 01.02.01)

Register Number:55010-074, Last Name:HOLT

**U.S. DEPARTMENT OF JUSTICE**                      **FEDERAL BUREAU OF PRISONS**

Register Number: 55010-074

Inmate Name

  Last.........: HOLT

  First........: DEANGELO

  Middle.......: DESHONG

  Suffix.......:

Gender.........: MALE

Risk Level Inmate.....: R-HI

  General Level......: R-HI (63)

  Violent Level......: R-HI (36)

Security Level Inmate: MEDIUM

Security Level Facl..: MEDIUM

Responsible Facility.: ATL

Start Incarceration..: 01/29/2021

### PATTERN Worksheet Summary

| Item | Value | General Score | Violent Score |
|---|---|---|---|
| Current Age | 36 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 5 |
| Criminal History Points | 13 | 40 | 20 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 2 |
| Education Score | HighSchoolDegreeOrGED | -4 | -2 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 0 | 0 | 0 |
| Work Programs | 1 | -1 | -1 |
| | | Total  63 | 36 |





**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, D.C. 20534*

April 14, 2008

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:            Joyce K. Conley, Assistant Director
                 Correctional Programs Division

                 Kathleen M. Kenney
                 Assistant Director/General Counsel

SUBJECT:         Pre-Release Residential Re-Entry Center Placements
                 Following the Second Chance Act of 2007

The Second Chance Act of 2007 (hereinafter referred to as
"the Act"), Pub. L. No. 110-199, was signed into law April 9,
2008.  Among its many provisions, the Act changes the Federal
Bureau of Prisons' (Bureau) statutory authorities for making pre-
release Residential Re-Entry Center (RRC) placement decisions.[1]
This memorandum provides staff guidance for implementing those
changes.  Guidance regarding other Bureau policies affected by
the Act will be issued, as necessary, under separate cover.

If necessary, further assistance should be sought from your
regional Correctional Programs, Community Corrections, and
Regional Counsel or Consolidated Legal Center offices.

---

[1]     For your convenience, copies of 18 U.S.C. §§ 3621 and 3624(c), as
amended by the Act, are included with this memorandum as attachments.
Additionally, for your convenience, these copies illustrate the previous text
as ~~strikeout~~, and the new text as <u>redline</u>.



Federal Bureau of Prisons

*Washington, DC 20534*

June 24, 2010

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:         D. Scott Dodrill, Assistant Director
              Correctional Programs Division

SUBJECT:      Revised Guidance for Residential Reentry Center
              (RRC) Placements

This memorandum provides guidance to staff when making inmates'
pre-release Reentry Center (RRC) placement decisions.
Assessment and decision-making practices are to focus on RRC
placement as a mechanism to reduce recidivism. Recidivism
reduction results in cost efficiencies, less victimization, and
safer communities.

Our RRC resources are limited and must be focused on those
inmates most likely to benefit from them in terms of anticipated
recidivism reduction. In other words, our decisions are to be
based on an assessment of the inmate's risk of recidivism and our
expectation that RRC placement will reduce that risk. Our
strategy is to focus on inmates who are at higher risk of
recidivating and who have established a record of programming
during incarceration, so that pre-release RRC placements will be
as productive and successful as possible.

As Chief Executive Officers, you play a vital role in
implementing the Bureau of Prisons' (Bureau) reentry strategy,
including RRC utilization. This guidance will assist you in
making RRC placement decisions.

GENERAL CONCEPTS – The following general concepts apply to all
RRC placement assessments and decision-making:

Eligibility vs. Appropriateness – When making RRC placement
determinations, it is critical that staff understand the
difference between eligibility and appropriateness. All inmates
are statutorily eligible for up to 12 months pre-release RRC

-1-

I.   What are the statutory changes to RRC placement authorities?

As interpreted by the Office of General Counsel, the Act's statutory changes affect the Bureau's RRC placement procedures as follows:

(A)   Pre-Release RRC Placement Timeframe Increased to 12 Months — The pre-release RRC placement timeframe is underlined increased to a maximum allowable 12 months.  There is no percentage of "term-to be served" limitation.  See 18 U.S.C. § 3624(c)(1) (amended).[2]

(B)   Individualized Placement Decisions Required - The Act requires that pre-release RRC placement decisions be made on an individual basis in every inmate's case, according to new criteria in the Act, as well as the criteria in 18 U.S.C. § 3621(b).  See 18 U.S.C. § 3624(c)(6) (amended). As a result, the Bureau's categorical timeframe limitations on pre-release community confinement, found at 28 C.F.R. §§ 570.20 and 570.21, are no longer applicable, and must no longer be followed.[3]

(C)   Court Recommendations Lack Binding Effect - The Act provides that a sentencing court order, recommendation, or request directing an inmate's placement in an RRC lacks binding effect.  See 18 U.S.C. § 3621(b) (amended).  As a result, the Bureau is not required to follow such a directive.[4]

II.   What procedures should staff use in making pre-release RRC decisions?

With minor adjustments (explained in the next section), staff should make inmates' pre-release RRC placement decisions on an individual basis using current Bureau policy, Program Statement No. 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure (12/16/1998) (hereinafter referred to as

---

[2]     The pre-release home confinement timeframe remains at a maximum six months, or ten percent of the term of imprisonment of that prisoner, whichever is shorter.  See 18 U.S.C. § 3624(c)(2) (amended).

[3]     The Act requires the Bureau to issue new federal regulations regarding pre-release RRC placements.  The federal regulation process (rulemaking) will take several months to complete.  Bureau staff will be informed as soon as new regulations take effect.

[4]     Sentencing court recommendations for a particular type institution, however, remain a factor to be considered when making pre-release RRC placement decisions.  See, infra, Section III.(C)(4).



U.S. Department of Justice

Federal Bureau of Prisons

*Washington, D.C. 20534*

MAY 24 2013

MEMORANDUM FOR REGIONAL DIRECTORS
                     WARDENS
                     RESIDENTIAL REENTRY MANAGERS

FROM:          Blake R. Davis, Assistant Director
                  Correctional Programs Division

SUBJECT:      Guidance for Home Confinement and Residential
                  Reentry Center Placements

This memorandum is a compilation of previous guidance memoranda, policy, and practices regarding home confinement and Residential Reentry Center (RRC) placement decisions, as they relate to current policy, practice, and changes which were necessitated by the passage of the Second Chance Act of 2007.  The intent of this memorandum is to reemphasize and clarify established policies and practices to facilitate effective community placements.

I.    GUIDING PRINCIPLES FOR EFFECTIVE COMMUNITY PLACEMENTS

The Bureau's RRC resources continue to be limited and must be focused on those inmates with the greatest need and the highest risk of recidivism. Program Statement 7310.04, <u>Community Corrections Center Utilization and Transfer Procedures</u>, requires that RRC placements be made based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly.  The Second Chance Act emphasizes the requirement that all inmates are eligible for pre-release RRC placement consideration and are to be assessed on an individual basis.

DeAngelo D. Holt
Name
55010 - 074
Prison Number
Federal Correctional Institution
P.O. Box 800
Herlong CA, 96113
Address or Place of Confinement

Note:  If represented by an attorney, write attorney's name, address & telephone number

# *United States District Court*

## EASTERN DISTRICT OF CALIFORNIA

DeAngelo DeShong Holt
Full Name (First, Middle, Last)

Petitioner,

vs.

David Brewer
Name of Warden

(or other authorized person having custody of petitioner)

Respondent.

CASE NO. _____

(to be supplied by the Clerk of the
United States District Court)

**PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY A PERSON IN FEDERAL CUSTODY**

PLEASE COMPLETE THE FOLLOWING (check the appropriate number):

This petition concerns:

| | |
|---|---|
| 1._____ | a conviction |
| 2._____ | a sentence |
| 3._____ | jail or prison conditions |
| 4._____ | prison discipline |
| 5._____ | a parole problem |
| 6.XXXXXX | other |

**CAUTION:**  If you are attacking a federal conviction, sentence or judgment, you must first file a direct appeal or motion under 28 U.S.C. § 2255 in the federal court which entered judgment.

# PETITION

(1)  Place of detention: F. C. I. Herlong

(2)  Name and location of court which imposed sentence: James H. Quillen united States Courthouse 220 West Depot Street, Suite 200 Greeneville, TN 37743

(3)  Offense(s) and indictment number(s) (if known) for the sentence imposed: 922 (g)(3), 924 (a) unlawful user of a Controlled Substance in possession of a Firearm

(4)  The date the sentence was imposed and the terms of the sentence: January 29, 2021

(5)  What was your plea (check one):      Not guilty ( )      Guilty (✓)      Nolo contendere ( )

(6)  Kind of trial (check one):      Jury ( )      Judge only (✓)

(7)  Did you appeal from the judgment of conviction or the imposition of sentence:   Yes ( )      No (✓)

(8)  If you did appeal, answer the following for *each* appeal:

FIRST APPEAL:
Name of court:
Grounds raised (list each):
    1)
    2)

Result/Date of result:

SECOND APPEAL:
Name of court:
Grounds raised (list each):
    1)
    2)

Result/Date of result:

## GROUNDS FOR THIS 28 U.S.C. § 2241 PETITION

(9)  State *CONCISELY* every ground on which you claim that your sentence is being executed in an illegal manner.  Summarize *briefly* the *facts* supporting each ground

    **CAUTION:**    If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

→ GROUND ONE B. O. P Program Statement 7310.04 is in direct conflict with 18 U.S.C § 3621 (b) by contradicting what was mandated by Congress.

Supporting *FACTS* for *GROUND ONE* (tell your story *BRIEFLY* without citing cases or law).

CAUTION:    You must state *facts, not conclusions,* in support of your grounds. A rule of thumb to follow is -- who did exactly what to violate your rights at what time or place.

Petitioner Submitted a B.P-8 on 12/10/21 to be Serviced as a Informal with the Request to be Sent to an RRC to Serve out his time and to get Some of the recommended help and treatment that'll lower his recidivism. Staff waited for two months Just to categorically exclude Petitioner. Following Program Statement 7310.04 "which was deemed invalid by multiple district courts including the 9th circuit" is not what the law had intended to be allowed.

→ GROUND TWO under 28 C.F.R §§ 570.20, 570.21 the B.o.P limited inmates Placement to RRC at any time during our Sentence in which there's no limit for RRC Placement under 3621(b)

Supporting *FACTS* for *GROUND TWO* (tell your story *BRIEFLY* without citing cases or law).
28 C.F.R §§ 570.20, 570.21 necessarily violated the unambiguous express intent of Congress conveyed in 18 U.S.C.S § 3621 (b), which expressly instructed that all placement and transfer determination take into consideration each of the five factors enumerated in §3621(b). The B.o.P is Still following §§ 570.20, 570.21 and hindering Placement into RRC. Petitioner is asking to be Sent to RRC

## ADMINISTRATIVE APPEALS

(10)  Have you presented the claims raised in Question #9 of this petition to prison officials in a prison administrations appeal?

Yes (✓)    No ( )   If your answer is no, explain why not: _____

If your answer is yes, answer the following for *each* administrative appeal:

FIRST ADMINISTRATIVE APPEAL          Level of appeal: B. P- 8
Grounds raised (list each):
   1)  Under the conditions of Covid and lack of rehabilitation
   2)  Under 18 U.S.C §3553 and not meeting the law requirement
Result/Date of result: 2/17/2022 was Denied Consideration for RRC

SECOND ADMINISTRATIVE APPEAL          Level of appeal: none
Grounds raised (list each):
   1)  Petitioner is not challenging the Application of BoP
   2)  But its validity; therefore exhaustion would be futile.
Result/Date of result _____

---

THIRD ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)
    2) _____
Result/Date of result:_____

FOURTH ADMINISTRATIVE APPEAL          Level of appeal:_____
Grounds raised (list each):
    1)
    2) _____
Result/Date of result:_____

(11)    Is the grievance process completed?     Yes (✓)     No ( )

## PREVIOUS PETITIONS

(12)    Have you filed previous petitions for habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2255, or any other applications, petitions or motions with respect to the claims raised in Question #9 of this petition?

    Yes ( )    No ( )

(13)    If your answer to Question #12 was yes, give the following information for *each* previous petition:

FIRST PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1)
    2) _____
Result/Date of result:_____

SECOND PREVIOUS PETITION
Name of court:_____
Nature of proceeding:_____
Grounds raised (list each):
    1)
    2) _____
Result/Date of result:_____

(14)    If the claims raised in Question #9 of this petition concern your conviction or sentence, explain why you are filing your petition pursuant to § 2241 instead of § 2255.

_____
_____
_____
_____
_____
_____

(15)  Are you presently represented by counsel?

Yes ( )         No (✓)

If so, provide your attorney's name, address, and telephone number:

_____

_____

(16)  If you are seeking leave to proceed *in forma pauperis*, have you completed the application setting forth the required information?

Yes ( )         No (✓)

Note: If your answer is no, you must send a $5.00 filing fee to the court with your petition.

WHEREFORE, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

3/30/22
(Date)

Deangelo Hett
(Signature of Petitioner)

_____
(Signature of Attorney, if any)

HBR 1330.13A
September 19, 2005
ATTACHMENT A

## INFORMAL RESOLUTION

An inmate with a valid complaint should complete the first three sections below and submit the form to his/her respective Correctional Counselor.

1. DeAngelo Holt    55010-074    Tahoe-D    12/10/2021
   INMATE NAME       REG. NO.      UNIT        DATE

2. Nature of complaint (briefly state your problem): This facility is not able to help me at lowering my recidivism or provide any type of treatment recommended. Due to the effects of Covid this place is under staffed and the law re 18 U.S.C 3621 (b) outline 5 factors that should be followed but isn't. I'm Requesting to be sent to RRC

3. Inmate's efforts to resolve problem (includes contact with staff, Inmate Requests to Staff Member submissions, etc.): Dap Coordinator/psychology responded to my request by putting me a waiting list, which allows me to be picked over for inmates with closer release dates. This combined with Covid lockdowns are hindering from receiving the help I need. Transfer to RRC will get the treatment I need to lower my recidivism leve

4. Steps taken/advice given to inmate regarding complaint: You will be assessed for RRC placement 17-19 months from your release date.

5. Informal Resolution WAS/WAS NOT accomplished (Circle One).


_____          _____
Correctional Counselor            Unit Manager

2/17/2022                          2/17/2022
Date

## FSA Recidivism Risk Assessment (PATTERN 01.02.01)

Register Number:55010-074, Last Name:HOLT

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Register Number: 55010-074

Inmate Name

  Last.........: HOLT

  First........: DEANGELO

  Middle.......: DESHONG

  Suffix.......:

Gender.........: MALE

Risk Level Inmate....: R-HI

  General Level......: R-HI (63)

  Violent Level......: R-HI (36)

Security Level Inmate: MEDIUM

Security Level Facl..: MEDIUM

Responsible Facility.: ATL

Start Incarceration..: 01/29/2021

### PATTERN Worksheet Summary

| Item | - Value | - General Score | - Violent Score |
|---|---|---|---|
| Current Age | 36 | 21 | 12 |
| Walsh w/Conviction | FALSE | 0 | 0 |
| Violent Offense (PATTERN) | TRUE | 5 | 5 |
| Criminal History Points | 13 | 40 | 20 |
| History of Escapes | 0 | 0 | 0 |
| History of Violence | 2 | 2 | 2 |
| Education Score | HighSchoolDegreeOrGED | -4 | -2 |
| Drug Program Status | NoDAPCompletion | 0 | 0 |
| All Incident Reports (120 Months) | 0 | 0 | 0 |
| Serious Incident Reports (120 Months) | 0 | 0 | 0 |
| Time Since Last Incident Report | N/A | 0 | 0 |
| Time Since Last Serious Incident Report | N/A | 0 | 0 |
| FRP Refuse | FALSE | 0 | 0 |
| Programs Completed | 0 | 0 | 0 |
| Work Programs | 1 | -1 | -1 |
| | Total | 63 | 36 |





**U.S. Department of Justice**

Federal Bureau of Prisons

*Washington, D.C. 20534*

April 14, 2008

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:          Joyce K. Conley, Assistant Director
               Correctional Programs Division

               Kathleen M. Kenney
               Assistant Director/General Counsel

SUBJECT:       Pre-Release Residential Re-Entry Center Placements
               Following the Second Chance Act of 2007

The Second Chance Act of 2007 (hereinafter referred to as
"the Act"), Pub. L. No. 110-199, was signed into law April 9,
2008.  Among its many provisions, the Act changes the Federal
Bureau of Prisons' (Bureau) statutory authorities for making pre-
release Residential Re-Entry Center (RRC) placement decisions.[1]
This memorandum provides staff guidance for implementing those
changes.  Guidance regarding other Bureau policies affected by
the Act will be issued, as necessary, under separate cover.

If necessary, further assistance should be sought from your
regional Correctional Programs, Community Corrections, and
Regional Counsel or Consolidated Legal Center offices.

---

[1]     For your convenience, copies of 18 U.S.C. §§ 3621 and 3624(c), as
amended by the Act, are included with this memorandum as attachments.
Additionally, for your convenience, these copies illustrate the previous text
as ~~strikeout~~, and the new text as redline.



Federal Bureau of Prisons

---

*Washington DC 20534*

June 24, 2010

MEMORANDUM FOR CHIEF EXECUTIVE OFFICERS

FROM:          D. Scott Dodrill, Assistant Director
               Correctional Programs Division

SUBJECT:       Revised Guidance for Residential Reentry Center
               (RRC) Placements

This memorandum provides guidance to staff when making inmates'
pre-release Residential Reentry Center (RRC) placement decisions.
Assessment and decision-making practices are to focus on RRC
placement as a mechanism to reduce recidivism.  Recidivism
reduction results in cost efficiencies, less victimization, and
safer communities.

Our RRC resources are limited and must be focused on those
inmates most likely to benefit from them in terms of anticipated
recidivism reduction.  In other words, our decisions are to be
based on an assessment of the inmate's risk of recidivism and our
expectation that RRC placement will reduce that risk.  Our
strategy is to focus on inmates who are at higher risk of
recidivating and who have established a record of programming
during incarceration, so that pre-release RRC placements will be
as productive and successful as possible.

As Chief Executive Officers, you play a vital role in
implementing the Bureau of Prisons' (Bureau) reentry strategy,
including RRC utilization.  This guidance will assist you in
making RRC placement decisions.

GENERAL CONCEPTS - The following general concepts apply to all
RRC placement assessments and decision-making:

Eligibility vs. Appropriateness - When making RRC placement
determinations, it is critical that staff understand the
difference between eligibility and appropriateness.  All inmates
are statutorily eligible for up to 12 months pre-release RRC

-1-

I.   What are the statutory changes to RRC placement authorities?

As interpreted by the Office of General Counsel, the Act's
statutory changes affect the Bureau's RRC placement procedures as
follows:

(A)   **Pre-Release RRC Placement Timeframe Increased to 12 Months** –
      The pre-release RRC placement timeframe is <u>increased</u> to a
      maximum allowable 12 months.   There is <u>no</u> percentage of
      "term-to be served" limitation.   <u>See</u> 18 U.S.C. § 3624(c)(1)
      (amended).[2]

(B)   **Individualized Placement Decisions Required** - The Act
      requires that pre-release RRC placement decisions be made on
      an individual basis in every inmate's case, according to new
      criteria in the Act, as well as the criteria in
      18 U.S.C. § 3621(b).   <u>See</u> 18 U.S.C. § 3624(c)(6) (amended).
      As a result, the Bureau's categorical timeframe limitations
      on pre-release community confinement, found at
      28 C.F.R. §§ 570.20 and 570.21, <u>are no longer applicable,
      and must no longer be followed.</u>[3]

(C)   **Court Recommendations Lack Binding Effect** - The Act provides
      that a sentencing court order, recommendation, or request
      directing an inmate's placement in an RRC lacks binding
      effect.   <u>See</u> 18 U.S.C. § 3621(b) (amended).   As a result, the
      Bureau is not required to follow such a directive.[4]

II.   What procedures should staff use in making pre-release RRC
      decisions?

With minor adjustments (explained in the next section), staff
should make inmates' pre-release RRC placement decisions on an
individual basis using current Bureau policy, Program Statement
No. 7310.04, <u>Community Corrections Center (CCC) Utilization and
Transfer Procedure</u> (12/16/1998)(hereinafter referred to as

---

[2]   The pre-release home confinement timeframe remains at a maximum
six months, or ten percent of the term of imprisonment of that prisoner,
whichever is shorter.   <u>See</u> 18 U.S.C. § 3624(c)(2) (amended).

[3]   The Act requires the Bureau to issue new federal regulations
regarding pre-release RRC placements.   The federal regulation process
(rulemaking) will take several months to complete.   Bureau staff will be
informed as soon as new regulations take effect.

[4]   Sentencing court recommendations for a particular type
institution, however, remain a factor to be considered when making pre-release
RRC placement decisions.   <u>See</u>, <u>infra</u>, Section III.(C)(4).

Exhibit 3

U.S. Department of Justice

Federal Bureau of Prisons

_Washington, D.C. 20534_

MAY 24 2013

MEMORANDUM FOR REGIONAL DIRECTORS
                WARDENS
                RESIDENTIAL REENTRY MANAGERS


FROM:          Blake R. Davis, Assistant Director
               Correctional Programs Division

SUBJECT:       Guidance for Home Confinement and Residential
               Reentry Center Placements

This memorandum is a compilation of previous guidance memoranda,
policy, and practices regarding home confinement and Residential
Reentry Center (RRC) placement decisions, as they relate to
current policy, practice, and changes which were necessitated by
the passage of the Second Chance Act of 2007. The intent of
this memorandum is to reemphasize and clarify established
policies and practices to facilitate effective community
placements.

I.    GUIDING PRINCIPLES FOR EFFECTIVE COMMUNITY PLACEMENTS

The Bureau's RRC resources continue to be limited and must be
focused on those inmates with the greatest need and the highest
risk of recidivism. Program Statement 7310.04, Community
Corrections Center Utilization and Transfer Procedures, requires
that RRC placements be made based on assessments of inmate needs
for services, public safety, and the necessity of the Bureau to
manage its inmate population responsibly. The Second Chance Act
emphasizes the requirement that all inmates are eligible for
pre-release RRC placement consideration and are to be assessed
on an individual basis.