UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeANGELO DeSHONG HOLT,<br><br>   Petitioner,<br><br>   v.<br><br>DAVID BREWER,<br><br>   Respondent. | No. 2:22-cv-0710 DB P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a federal prisoner proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241. Petitioner claims he was categorically excluded from placement into a Residential Re-entry Center ("RRC") by regulations of the Bureau of Prisons ("BOP") in violation of 18 U.S.C. § 3621(b). (ECF No. 1 at 3.) Petitioner has also requested that sanctions be imposed against respondent for not filing an answer to the petition. (ECF No. 13.) Because respondent timely filed a response and motion to dismiss (ECF No. 10), the motion for sanctions will be denied. For the following reasons, the undersigned recommends the court grant the motion to dismiss.

**I. Legal Standards for Motion to Dismiss**

A district court may grant habeas relief to a federal prisoner who is in custody in violation of federal law. See 28 U.S.C. § 2241. A petition challenging the manner, location, or conditions

of a sentence's execution is properly brought under section 2241 in the custodial court. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

The court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules") to a motion to dismiss a habeas petition brought under 28 U.S.C. § 2241. E.g., Battle v. Holbrook, No. 2:20-cv-01851-JAM-JDP, 2021 WL 4132336, at *1 (E.D. Cal. Sept. 10, 2021; see Habeas Rules, Rule 1(b), ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). Under Habeas Rule 4, the court evaluates whether it "plainly appears" the petitioner is not entitled to relief and, if so, recommends dismissal of the petition. See Habeas Rules, Rule 4.

In ruling on a motion to dismiss, the court "accept[s] the factual allegations in the [petition] as true and construe[s] the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). Exhibits attached to a complaint are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**II. Petitioner's RRC Claim and the Motion to Dismiss**

Petitioner asserts BOP has improperly and categorically excluded him from RRC placement without considering the five factors enumerated in 18 U.S.C. § 3621(b). (ECF No. 1 at 3.) Petitioner states BOP Program statement 7310.04 is in direct conflict with 18 U.S.C. § 3621(b), and that several courts have deemed it invalid. (Id.) Petitioner states 18 U.S.C. § 3621(b) requires consideration of all five enumerated factors for a placement and transfer determination, but alleges BOP is using 28 C.F.R. §§ 570.20 and 570.21 to hinder placement into RCC. (Id.) Petitioner is asking to be sent to RRC. (Id.)

Respondent filed a response and motion to dismiss. (ECF No. 10.) Respondent argues the petition should be dismissed based on lack of Article III standing and ripeness, lack of subject matter jurisdiction, petitioner's failure to exhaust his administrative remedies, and because there is no statutory authority to compel the Bureau of Prisons to perform a discretionary act.

////

Respondent also argues BOP has not exceeded its authority in limiting access to RRC. Petitioner has opposed the motion. (ECF Nos. 12, 14.)

**III. Discussion**

    **A. Statutory Provisions Governing Placement in RRCs**

"Two statutory provisions govern the BOP's authority to place inmates in its custody in RRCs: 18 U.S.C. §§ 3621(b) and 3624(c)." Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir. 2010). The Ninth Circuit has explained that which statute governs the placement depends on how much of the prisoner's sentence has been served:

> Section 3621 governs the authority of the BOP to designate a prisoner's placement in general while he or she is in the BOP's custody. In the context of RRCs, this section governs the BOP's authority in cases where a prisoner who has more than a year left to serve of his or her prison sentence requests a transfer to such a facility. The policies and procedures by which the BOP classifies and designates inmates is set forth in its Program Statement 5100.08, Inmate Security Designation and Custody Classification ....
>
> Congress also charged the BOP with preparing prisoners for reentry to the community during the final months of their terms of imprisonment. See 18 U.S.C. § 3624(c). Pursuant to this section, prisoners may be placed in a RRC or in home confinement. The BOP's policies on the use of RRCs are set forth in the agency's Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedure ....

Sacora, 628 F.3d at 1062 (footnote omitted).

As to the general authority of the BOP to designate a prisoner's placement, section 3621(b) instructs the BOP to make placement decisions after considering the following factors:

    (1) the resources of the facility contemplated;

    (2) the nature and circumstances of the offense;

    (3) the history and characteristics of the prisoner;

    (4) any statement by the court that imposed the sentence--

        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

        (B) recommending a type of penal or correctional facility as appropriate; and

3

> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Section 3624, which applies in the last 12 months of a prisoner's sentence, also provides in relevant part as follows:

> (c)(1) …The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

### B. Subject Matter Jurisdiction

Respondent argues the court lacks subject matter jurisdiction to review BOP's discretionary, individualized decisions concerning RRC designation. (ECF No. 10 at 4.) The Ninth Circuit has exercised jurisdiction in a few cases in which a petitioner brings a petition under 28 U.S.C. § 2241 to challenge decisions regarding RRC placement. See Sacora, 628 F.3d 1059 (action challenging BOP policies for RRC placement); Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008) (affirming grant of habeas relief where petitioner brought § 2241 petition alleging that BOP was applying an improper categorical exclusion in regard to RCC placement). It is clear, however, that federal courts may not review BOP's individualized determinations concerning inmate transfer. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitioners under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.")

Thus, the court has subject matter jurisdiction over a claim that BOP has exceeded its statutory authority. See Sacora, 628 F.3d 1059. The court does not have jurisdiction over petitioner's claim to the extent he challenges his individual placement determination. See Reeb, 636 F.3d at 1227.

////

4

**C. Exhaustion**

Pointing to a declaration by Jennifer Vickers (ECF No. 10-1), respondent contends petitioner has not exhausted a BOP administrative remedy request seeking placement in an RRC. (ECF No. 10 at 3.) Petitioner responds that he requested RRC placement based on BOP Program Statement 7310.04 through the administrative remedy but was prevented from properly exhausting when staff held the paperwork past the time limits. (ECF No. 12 at 1-3; see also ECF No. 14 at 1.) Petitioner also argues exhaustion should not be required in this case because he is challenging the validity of BOP Policy and exhaustion would be futile. (ECF No. 12 at 1.)

Although 28 U.S.C. § 2241 does not itself contain an exhaustion requirement, Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), section 2241 petitioners are generally required to exhaust their administrative remedies prior to seeking habeas relief for prudential reasons. Singh v. Napolitano, 649 F.3d 899, 900 (9th Cir. 2011); Laing v. Ashcroft, 370 F.3d 994, 997-98 (9th Cir. 2004). Courts have discretion to waive the exhaustion requirement when administrative remedies are inadequate, when their exercise would be futile, or when irreparable injury would result without immediate judicial intervention. See Laing, 370 F.3d at 1000; see also Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) ("'[a]pplication of the rule requiring exhaustion is not jurisdictional, but calls for the sound exercise of judicial discretion,' [and] is not lightly to be disregarded.") (citation omitted). A key consideration is whether relaxation of the requirement would encourage the deliberate bypass of the administrative scheme. Laing, 370 F.3d at 1000.

Here, waiving the exhaustion requirement would encourage deliberate bypass of the administrative remedy scheme within the meaning of Laing's caveat. As set forth, though, petitioner argues he pursued an administrative remedy but was prevented from exhausting. Whether petitioner was prevented from exhausting need not be resolved in this instance because it is clear the motion to dismiss should be granted on another ground.

**D. The Petition Fails to State a Claim**

The BOP has the authority to place prisoners in RRC facilities for a specified periods of time but cannot categorically predetermine that all prisoners are suitable for RRC placement for a period shorter than authorized by § 3624(c). See Rodriguez, 541 F.3d at 1184-85. The BOP can

5

apply a presumption that prisoners are suitable for RRC placement for a period shorter than authorized, so long as BOP tests that presumption by conducting individualized determinations for each eligible prisoner. Sacora, 628 F.3d at 1065-68.

The period authorized by § 3642(c) is a "term (not to exceed 12 months)" in the final months of a prisoner's term of imprisonment. 18 U.S.C.A. § 3624(c). Under this section, the BOP has the authority to allow prisoners to spend a term of up to the final twelve months of their sentence in an RRC facility to ensure they "adjust to and prepare for the reentry" into the community. Id.

Here, petitioner's projected release date is January 3, 2027. (ECF. No 10-1 at 3, Vickers Decl., ¶ 4.) The informal resolution response attached to the complaint indicates petitioner will be assessed for RRC placement 17-19 months from his release date. (ECF No. 1 at 6.) Petitioner's challenged exclusion from RRC placement is consistent with 18 U.S.C.A. § 3624(c).

Petitioner asserts BOP is hindering his RCC placement under 18 U.S.C. § 3621(b) by following 28 C.F.R. §§ 570.20 and 570.21. Petitioner also alleges BOP Program statement 7310.04 is in direct conflict with 18 U.S.C. § 3621(b) such that several courts have deemed it invalid. These allegations fail to state a claim.

The first-cited regulation, 28 C.F.R. § 570.20, provides definitions for community confinement and home detention. See id. The second-cited regulation, 28 C.F.R. § 570.21, gives time frames for community confinement and home detention, as follows:

> (a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.
>
> (b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

28 C.F.R. § 570.21. Petitioner does not allege how either cited regulation exceeds BOP's statutory authority. Conclusory and unsupported allegations that BOP is hindering RCC placement by following 28 C.F.R. §§ 570.20 and 570.21 do not state a claim.

Under 18 U.S.C. § 3621(b), BOP has "discretionary authority" to consider RCC placement for inmates prior to the last ten percent of the prison term. See Quan v. U.S. Bureau of Prisons, 402 F. App'x 181, 183 (9th Cir. 2010) (rejecting claim that BOP was required to immediately assess inmate for placement in an RCC under section 3621 because that section gives the BOP discretionary authority). To the extent petitioner alleges the BOP has excluded him from RRC placement without considering the five factors enumerated in 18 U.S.C. § 3621(b), this conclusory allegation is unsupported and fails to state a claim. Petitioner does not identify, for example, a categorical exclusion that has been allegedly applied in his case.

The petition's allegations also fail to show that BOP Program statement 7310.04 conflicts with 18 U.S.C. § 3621(b) such that BOP is exceeding its statutory authority. The BOP's Program Statement 7310.04 contains the agency's policies on the use of RRCs. See Sacora, 628 F.3d at 1062. Program Statement 7310.04 "does not preclude the BOP from exercising its discretion and conducting an assessment at any time during an inmate's sentence." See Arroyo v. Smith, No. CV-F-07-00382-LJO-DLB-HC, 2007 WL 1725679, at *1 (E.D. Cal. June 14, 2007). It therefore "does not run afoul of 18 U.S.C. § 3621(b)" because it does not limit the BOP's discretion. Id.

The petition fails to state a cognizable claim that petitioner has been improperly categorically excluded from RCC placement or that the BOP has otherwise exceeded its statutory authority. As already set forth, to any extent petitioner challenges his individual placement determination, the court lacks jurisdiction over such a claim. See Reeb, 636 F.3d at 1227.

**V. Order and Recommendation**

In accordance with the above, IT IS ORDERED:

1. The Clerk of the Court shall assign a district judge to this case; and

2. Petitioner's motion for sanctions to be imposed against respondent for failure to comply with court's order (ECF No. 13) is DENIED.

In addition, IT IS RECOMMENDED:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED;

2. The petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED without prejudice; and

1       3. The Clerk of Court be directed to close this case.

2       These findings and recommendations will be submitted to the United States District Judge
3  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 30 days after
4  being served with these findings and recommendations, any party may file written objections with
5  the court and serve a copy on all parties. The document should be captioned "Objections to
6  Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served
7  on all parties and filed with the court within 14 days after service of the objections. Failure to file
8  objections within the specified time may waive the right to appeal the District Court's order.
9  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
10 1991).

11 Dated:  January 17, 2023

DLB7
holt0710.mtd

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

8