UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEANGELO DESHONG HOLT,

Petitioner,

v.

DAVID BREWER,

Respondent.

No. 2:22-cv-00710-DAD-DB (HC)

ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DISMISSING HABEAS PETITION WITHOUT PREJUDICE

(Doc. Nos. 10, 16)

Petitioner DeAngelo DeShong Holt is a federal prisoner proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 18, 2023, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss (Doc. No. 10) be granted due to petitioner's failure to state a claim upon which relief can be granted under 28 U.S.C. § 2241. (Doc. No. 16.) Specifically, the magistrate judge concluded that petitioner's allegations—that the Bureau of Prisons ("BOP") is hindering his Residential Re-entry Center ("RCC") placement under 18 U.S.C. § 3621(b) by following 28 C.F.R. §§ 570.20 and 570.21 and BOP Program statement 7310.04—are insufficient to state a cognizable claim because petitioner has failed to allege that he "has been improperly categorically excluded from RCC placement or that the BOP has otherwise exceeded its statutory authority." (*Id.* at 6–7.) Those findings and recommendations

were served on all parties and contained notice that any objections thereto were to be filed within thirty (30) days from the date of service. (*Id*. at 5.) After receiving an extension of time in which to do so, on March 20, 2023, petitioner filed objections to the pending findings and recommendations. (Doc. No. 19.) Respondent did not file objections of his own or a response to petitioner's objections.

In his objections, petitioner merely repeats the arguments that he presented in his opposition to respondent's motion to dismiss and that were already properly addressed in the pending findings and recommendations. (Doc. No. 19.) In particular, petitioner argues that his case is "just like the case" *Rodriquez v. Smith*, 541 F.3d 1180 (9th Cir. 2008), in which the Ninth Circuit explained that Congress expressly intended for the BOP to consider each of the five factors enumerated in 18 U.S.C. § 3621(b) in making determinations as to the transfer and placement of prisoners. (Doc. No. 19 at 1–2) (citing *Rodriquez v. Smith*, 541 F.3d 1180 (9th Cir. 2008)). However, in that case, a federal prisoner challenged the BOP's categorical policy of not considering a prisoner's eligibility for RRC placement until 11–13 months immediately preceding the prisoner's projected release date. *Rodriquez*, 541 F.3d at 1181, 1187 (concluding that "[b]ecause the BOP regulations categorically exclude [RRC] placement of inmates with more than ten percent of their sentences remaining, they necessarily fail to apply the mandatory factors listed in § 3621(b) to those inmates."). Here, as explained in the findings and recommendations, petitioner has not identified any categorial exclusion that he alleges has been applied in his case. (Doc. No. 16 at 7.) Accordingly, petitioner's objections provide no basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including petitioner's objections, the court finds the findings and recommendations to be supported by the record and proper analysis. Accordingly, respondent's motion to dismiss the pending petition will be granted.

/////

/////

Accordingly,

1. The findings and recommendations issued on January 18, 2023 (Doc. No. 16) are adopted in full;
2. Respondent's motion to dismiss the pending petition (Doc. No. 10) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed, without prejudice, due to petitioner's failure to state a cognizable claim under 28 U.S.C. § 2241;
4. The court declines to issue a certificate of appealability[1]; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 25, 2023**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE

[1] Because petitioner is a federal prisoner bringing a § 2241 petition, a certificate of appealability is not required. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a COA in order to appeal the denial of a § 2241 petition.").